IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Larry James Tyler, ) | Civil Action No. 2:24-05075-MGL-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Coe, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Larry James Tyler ("Plaintiff"), a state detainee proceeding *pro se* and *in forma pauperis*, filed this civil action on September 13, 2024, alleging violations under 42 U.S.C. § 1983 and state law based on events at the Darlington County Detention Center ("DCDC"). The undersigned incorporates by reference Plaintiff's factual allegations and claims, as detailed in the undersigned's September 29, 2025 Report and Recommendation (Dkt. No. 155). (*See also* Dkt. No. 41.) Before the Court are Defendants' Motions to Dismiss, seeking dismissal based on Plaintiff's refusal to participate in his deposition. (Dkt. Nos. 145; 160.)[1] For the reasons set forth below, the undersigned recommends denying the Motions to Dismiss.

**BACKGROUND**

Plaintiff filed this action on September 13, 2024. (Dkt. No. 1.) The discovery deadline was most recently extended to September 23, 2025. (Dkt. No. 103.) On September 8, 2025, the Court granted Defendants' motion to take Plaintiff's deposition. (Dkt. Nos. 130; 133.) In a document dated September 10, 2025 and filed on September 16, 2025, Plaintiff moved for a "reasonable time for deposition." (Dkt. No. 141.) In this filing, Plaintiff stated he received notice on September 9,

---

[1] Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

1

2025 that he is to be deposed by Defendants on September 16, 2025, and Plaintiff asked for additional time to subpoena "parties and witnesses" and "to set stipulations" to be agreed on prior to the deposition. (*Id.*)

On September 18, 2025, Defendants August, Coe, Days, and Hudson ("DCDC Defendants") filed a Motion to Dismiss based on Plaintiff's refusal to participate in his deposition, which they attempted to take on September 16, 2025. (Dkt. No. 145.) On September 19, 2025, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 145.) That same day, the undersigned issued a Text Order finding as moot Plaintiff's motion for reasonable amount of time to take deposition, because the deposition had already taken place. (Dkt. Nos. 141; 148.) The Text Order stated that "the Court will consider the issues surrounding Plaintiff's noticed deposition, including whether rescheduling this deposition for a later date is appropriate, when resolving Defendants' pending Motion to Dismiss." (Dkt. No. 148.) The Court then stayed the dispositive motions deadline, pending resolution of the Motion to Dismiss. (Dkt. No. 152.)

Plaintiff filed his response in opposition to the Motion to Dismiss on October 2, 2025 (Dkt. No. 158), to which the DCDC Defendants filed a reply on October 8, 2025 (Dkt. No. 159). On October 8, 2025, Defendant Shannon O'Neal filed a one-paragraph Motion to Dismiss in which she "joins in" the DCDC Defendants' Motion to Dismiss. (Dkt. No. 160.) Defendant O'Neal's Motion does not contain any separate arguments for dismissal, and the undersigned therefore considers Plaintiff's response (Dkt. No. 158) as applicable to both Motions to Dismiss. The Motions to Dismiss are ready for review.

## **STANDARDS**

Rule 37(b)(2), Fed. R. Civ. P., provides that if a party fails to obey an order to provide or permit discovery, the Court in which the action is pending may make such orders in regard to such failure as are just, including dismissing the action. In addition, Rule 41(b), Fed. R. Civ. P., authorizes the Court to dismiss an action for failure to prosecute or for failure to comply with court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . ." *See Link v. Wabash Railroad Co.*, 370 U.S. 626, *reh'g. denied*, 371 U.S. 873 (1962*); Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts have the authority to dismiss cases under Rules 37 and 41 as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse").

Prior to imposing the sanction of dismissal under Rule 37(b), Fed. R. Civ. P., the district court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy of a less drastic sanction. *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir.1989). The Fourth Circuit has emphasized the importance of warning the offending party of what may follow prior to dismissing the action for failure to comply with discovery obligations. *See*, *e.g.*, *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995); *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir.1993) (court must give the noncomplying party an "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir.1987) (stating that warning was a "salient fact" that distinguished cases in which default judgment was an appropriate sanction for discovery abuse under Rule 37).

Whether to dismiss under Rule 41(b) is also a matter for the Court's discretion; *see Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); and the Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. *Chandler Leasing Corp.*, 669 F.2d 9 at 920; *Tinsley v. Quick & Reilly, Inc.*, 216 F.R.D. 337, 338 (E.D. Va. 2001); *Contreras v. NFN Pettiford*, No. 05-cv-3552, 2006 WL 2621866, at *2 (D.S.C. Sept. 11, 2006).

The standards for dismissal under Rule 37(b)(2) and Rule 41(b) are "virtually the same." *Cooper v. Spartanburg Sch. Dist. 7*, No. 715-cv-03072-JMC-JDA, 2017 WL 9289401, at *4 (D.S.C. Feb. 24, 2017) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)), *adopted by*, 2017 WL 4021084 (D.S.C. Sept. 12, 2017). Accordingly, to determine whether this action should be dismissed for Plaintiff's failure to comply with discovery requests and the Court's orders, the Court must consider (1) whether Plaintiff acted in bad faith; (2) the amount of prejudice Plaintiff's noncompliance caused Defendants; (3) the need for deterrence of the sort of noncompliance exhibited by Plaintiff; (4) the effectiveness of less drastic sanctions; and (5) whether Plaintiff has a history of deliberately proceeding in a dilatory fashion. *Id.* (citing *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92; *Chandler Leasing Corp.*, 669 F.2d at 920).

## **DISCUSSION**

As noted above, the instant Motions to Dismiss ask the Court to dismiss this case as a sanction based on "Plaintiff's failure to participate in his deposition as ordered by this Court." (Dkt. No. 145 at 3.) The DCDC Defendants have attached to their Motion Plaintiff's deposition

4

transcript, which documents Plaintiff's refusal to be deposed. (Dkt. No. 145-1.) More specifically, when defense counsel attempted to take Plaintiff's deposition, Plaintiff disputed that he was given reasonable notice to prepare for the deposition and indicated he should have been able to first "get with the lawyers to make arrangements for how the recording was going to be preserved and how it was going to be filed," as well as "who was going to be present at the deposition." (*Id.* at 3.)

In their Motions,[2] Defendants assert that "Plaintiff acted in bad faith and had complete responsibility for refusing to participate in his deposition." (Dkt. No. 145 at 5.) Defendants claim that "as the primary witness to the events alleged," Plaintiff's "deposition is necessary to determine the specifics of his alleged claims and damages." (*Id.*) Defendants argue they have been prejudiced by Plaintiff's conduct because they "cannot adequately defend this case or prepare for dispositive motions" without Plaintiff's deposition testimony. (*Id.*)

Plaintiff opposes dismissing this case, and he asks that the Court instead "arrange a time when [the] parties can meet to set up a deposition by the proper rules." (Dkt. No. 158 at 3.) According to Plaintiff, certain matters "should be agreed upon by both parties" prior to his deposition; specifically, "how the deposition will be preserved and filed" and "who [can] be at the deposition." (*Id.* at 2.) Plaintiff states he "wanted Coe, Days, Hudson, and August at his deposition." (*Id.*) Plaintiff further states, verbatim, "Plaintiff has a witness that is not a party to the case. He has to seek waiver from the Court to pay the $40.00 a day for stenographic depositions, and that's not a constitutional requirement the Government or Defendant pays." (*Id.* at 3.)

In reply, Defendants assert that Plaintiff misunderstands the discovery process and the requirements of Rule 30 of the Federal Rules of Civil Procedure. (Dkt. No. 159.) Rule 30(b)(3) specifies the methods by which depositions may be recorded, and Rule 30(e) allows a deponent

---

[2] Because Defendant O'Neal has joined with the DCDC Defendants' Motion to Dismiss, the undersigned construes the arguments for dismissal as made in both pending Motions to Dismiss. (Dkt. Nos. 145; 160.)

5

thirty days to review and sign the transcript once it becomes available. Fed. R. Civ. P. 30(b)(3), (e). There is no requirement that the parties execute a written stipulation as to these details before a deposition can proceed. Additionally, it appears that Plaintiff seeks to use his deposition as an opportunity to question a "witness" as well as Defendants Coe, Days, Hudson, and August. As Defendants note, a deposition is the taking of sworn testimony of the deponent by the opposing party. As the deponent, Plaintiff's deposition is not a forum for Plaintiff to question others. The Federal Rules of Civil Procedure provide specific procedures taking the depositions of parties and non-parties, and the Court has already advised Plaintiff that he is responsible for arranging all aspects of the deposition, including payment of the associated fees. (*See* Dkt. 156 at 7.) Regardless, the discovery deadline was September 23, 2025, and the record indicates that Plaintiff has not properly noticed the deposition of any named Defendants, *see* Fed. R. Civ. P. 30(b), or moved for the issuance of a subpoena to depose a non-party, *see* Fed. R. Civ. P. 45.

Upon careful review, the undersigned finds that Plaintiff's conduct at the September 16, 2025 deposition shows his misunderstanding of the Federal Rules of Civil Procedure rather than deliberate bad faith. And any prejudice to the Defendants can be avoided by allowing them another opportunity to depose Plaintiff. Finally, Plaintiff's overall conduct in this case does not warrant dismissing this action, particularly where Plaintiff has not been specifically warned that his failure to cooperate in discovery could result in the dismissal of his case. *See e.g.*, *Hathcock*, 53 F.3d at 40; *Choice Hotels Int'l, Inc.*, 11 F.3d at 473; *Lolatchy*, 816 F.2d at 953. Based on the foregoing, the factors articulated by the Fourth Circuit Court of Appeals weigh against dismissal. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92; *Chandler Leasing Corp.*, 669 F.2d at 920.

Accordingly, the undersigned recommends Defendants' Motions to Dismiss be denied, and that the discovery deadline be extended to November 17, 2025 *for the limited purpose* of taking

Plaintiff's deposition. Discovery otherwise ended on September 23, 2025, and a dispositive motions deadline will be issued when the Motions to Dismiss are resolved. Any further excuses by Plaintiff for failing to comply with the discovery process will not be taken lightly and could result in the dismissal of his case.

## **CONCLUSION**

Based on the foregoing, the undersigned recommends that the Motions to Dismiss (Dkt. Nos. 145; 160) be DENIED and that the discovery deadline be extended to November 17, 2025 *for the limited purpose* of taking Plaintiff's deposition.

IT IS SO RECOMMENDED.

October 9, 2025

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).