**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| LARRY JAMES TYLER, Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 2:24-5075-MGL |
| WADDELL COE, JAMES HUDSON, ALLISON DAYS, SHANNON O'NEAL, and MICHAEL AUGUST, Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION TO ADD MEDICAL EVIDENCE, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, DISMISSING PLAINTIFF'S FEDERAL CLAIMS WITH PREJUDICE, AND DISMISSING PLAINTIFF'S STATE CLAIM WITHOUT PREJUDICE**

Plaintiff Larry James Tyler (Tyler), who is representing himself, is currently detained at the Darlington County Detention Center (the DCDC). He is being held for contempt charges and is presently awaiting sexually violent predator (SVP) proceedings.

Tyler filed this lawsuit against Defendant Shannon O'Neal, as well as the following DCDC employees: Waddell Coe, James Hudson, Allison Days, and Michael August (collectively, DCDC Defendants). O'Neal "avers . . . she is employed by Southern Health Partners, Inc. . . . as a nurse and as the Medical Team Administrator at DCDC. According to O'Neal, the members of the nursing

staff provide all services on behalf of SHP and are not employed by Darlington County or the Detention Center." Report at 14 (citations omitted) (internal quotation marks omitted).

Tyler also brings a claim against Defendant Travis Boykin, who was an inmate in DCDC at the time Tyler filed this lawsuit.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Tyler's motion to add medical evidence be granted, his motion for summary judgment be denied, and O'Neal's and DCDC's motions for summary judgment be granted. The Magistrate Judge further recommends the Court decline to exercise supplemental jurisdiction over Tyler's state law claim against Boykin and dismiss that claim without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 13, 2026, Tyler filed his objections to the Report on June 5, 2026, and O'Neal filed her reply to the objections on June 22, 2026. DCDC Defendants failed to file a reply.

The Court has carefully reviewed Tyler's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

This case mostly arises out of Boykin allegedly attacking Tyler. Tyler brings a state law assault and battery claim against Boykin, arising from the attack. Tyler brings claims against the other defendants for failure to protect, deliberate indifference to serious medical needs, retaliation, and conditions of confinement.

His deliberate indifference to medical needs claims are related to the treatment of his injuries stemming from the attack, but also the treatment of his migraine headaches, the treatment of fungus under his finger nails, and the lack of dental treatment. Tyler seeks compensatory and punitive damages, as well as injunctive relief.

"The Detention Center Director . . . is directly accountable to the Sheriff and Chief Deputy for the implementation of all operations of the division." https://www.darcosc.com/courts_legal/detention_center/index.php (last accessed on August 17, 2026).

Turning now to Tyler's submission, the Court has teased out ten objections to the Report. First, in referring to his "verified complaint," Objections at 3, he appears to being taking issue with the Magistrate Judge's reference to Tyler's "unverified amended complaint[.]" Report at 2. "A complaint is verified if it is signed, sworn, and submitted under penalty of perjury." *Goodman v. Diggs*, 986 F.3d 493, 495 (4th Cir. 2021). The Court has reviewed the amended complaint and it fails to meet these requirements. Therefore, the Court will overrule this objection.

In Tyler's second objection, he states "he sent a copy of an informal resolution . . . by mail to Hudson on 9-9-2024. So he could not say he did not know." Objections at 6 (capitalizations standardized). Hudson was the Sheriff of Darlington County when Tyler filed this lawsuit. Report at 12.

In this objection, Tyler appears to be saying Hudson was aware of Tyler's complaints about his medical care. But, the Magistrate Judge concluded his complaints about his medical case failed

to amount to a constitutional violation. As such, it is inconsequential whether Hudson was aware of Tyler's complaints. Consequently, the Court will also overrule this objection.

Third, Tyler complains his "migraine pain has increased since[ ] the assault and [O'Neal] and [the Nurse Practitioner, Kendra] Fling reduced the amount of migraine pain medication and will not return back to regular doses upon request, . . . to keep plaintiff in pain. . . . When the complaint was filed against the medical department, his pain medication gets cut in half[,]" Objections at 7 (capitalizations standardized). Tyler makes these conclusory allegations without pointing to any evidence in the record to support them. Thus, the Court will overrule this objection, too.

Fourth, Tyler maintains O'Neal "refused to treat the fungus under his finger nails. They all fall off. Three have not come back. She will not let [him] see Fling at all for anything. Can't get a dentist even for a cavity which is not an emergency even when bleeding, and still no feeling to the upper right lip after a year and nine months. So it is permanent nerve damage." Objections at 7 (capitalizations standardized).

Concerning Tyler's fungus claim, "[t]o state a [constitutional] claim for deliberate indifference to a medical need, . . . a pretrial detainee must plead . . . they had a medical condition or injury that posed a substantial risk of serious harm[.]" *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). The Court is unable to say the fungus under Tyler's finger nails rises to that standard. Or, as the Magistrate Judge put it, Tyler's "allegations concerning the lack of adequate treatment for this 'fungus' do not amount to a constitutional violation." Report at 34 n.14.

As to Tyler's request for a dentist, as the Magistrate Judge stated, "[t]he record does not indicate [Tyler] ever informed any medical staff or DCDC staff . . . his tooth was causing him pain or . . . he otherwise believed his tooth to be infected. Likewise, [he] does not claim any damage to his tooth at this time, beyond the alleged continued failure to treat his self-diagnosed cavity." Report at 40.

As such, the Court is unable to say Tyler's "self-diagnosed cavity[,]" *id.*, amounts to "a medical condition or injury that posed a substantial risk of serious harm[,]" *Short*, 87 F.4th at 611, one of the requirements a plaintiff must satisfy when bringing a deliberate indifference to medical needs claim.

Regarding Tyler's permanent nerve damage claim, this conclusory statement, without more, is insufficient to survive summary judgment. The Court notes, however, Tyler's nerve pain was treated with medication. *See* O'Neal's Affidavit ¶ 10 (Fling "prescribed Amitriptyline for his complaint of nerve pain. He took and received this prescription without incident.").

For all these reasons the Court will overrule this objection, as well.

Fifth, Tyler states "the court is not supposed to decide disputed facts or assess credibility on a summary judgment motion." Objections at 7 (capitalizations standardized). The Court agrees. But, Tyler has failed to point to any portion in the Report in which the Magistrate Judge failed to follow this mandate, and the Court has unable to find any. Accordingly, the Court will also overrule this objection.

Sixth, according to Tyler, O'Neal "refuse[d] to obey Fling['s] orders to take [him] to [the] optometrist and [the] dentist." Objections at 7 (capitalizations standardized). The record shows O'Neal "attempted to schedule an appointment with an ophthalmologist but was unable to find an ophthalmologist in Darlington or the surrounding areas of Florence, Hartsville or Cheraw who would see . . . Tyler for a non-emergent eye appointment due to his status as a county prisoner." O'Neal's Affidavit ¶ 12. And Tyler fails to point to any portion of the record showing Fling told O'Neal to take him to the dentist. Therefore, the Court will overrule this objection, too.

Seventh, and related to Tyler's fifth objection, he says "a court may not grant summary judgment because it thinks the prisoners assertions about an incident or an injury or inconsistent with

prison medical records." Objections at 7 (capitalizations standardized). That is true. But, two things: first, Tyler neglects to point to any portion in the Report where he thinks this occurred.

Second, the primary inconsistencies in the record consists of Tyler's changing narrative. For instance, as noted by the Magistrate Judge, Tyler "testified . . . he is 'SVP and SVP are not supposed to have people in the cells with them.'" Tyler's Depo. at 76:14-15. "However, later in his deposition, he agreed . . . he is 'no longer a sexually violent predator such that [he] no longer require[s] being housed separately.'" *Id*. at 110:1-6.

"A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." *Barwick v. Celotex Corp*., 736 F.2d 946, 960 (4th Cir. 1984). Hence, the Court will overrule this objection, as well.

Eighth, Tyler suggests DCDC Defendants were aware of Boykin's proclivity toward violence. In other words, they should have known Boykin might well attack him. Objections at 8-9 (capitalizations standardized). But again, he fails to present any evidence to support this conclusory claim.

To bring a successful failure to protect claim, "the prisoner must show both (1) . . . the [detention] official in question subjectively recognized a substantial risk of harm and (2) . . . the official also subjectively recognized . . . any actions he took in response were inappropriate in light of that risk." *Ford v. Hooks*, 108 F.4th 224, 230 (4th Cir. 2024) (citation omitted) (internal quotation marks omitted). "It is not enough . . . the prison official should have recognized the risk and the inadequacy of his response. Instead, the official actually must have perceived." *Id*. (citation omitted) (internal quotation marks omitted). But, Tyler has failed to make such a showing. The Court will therefore also overrule this objection.

Ninth, Tyler argues, albeit indirectly, the Court erred in denying his motion to appoint counsel. (capitalizations standardized). Objections at 10-11 (capitalizations standardized). The Court stands by its May 27, 2026, Text Order denying his motion to appoint counsel:

> [W]hen deciding whether to appoint counsel, the Court must decide "(1) whether the plaintiff 'has a colorable claim' and (2) consider[ ] the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 162 (4th Cir. 1984)). Assuming, without deciding, [Tyler] has a colorable claim, the Court is unconvinced the claims are objectively complex, or [his] subjective abilities are such that he "lacks the capacity to present [his claims]". *Id*. Consequently, [Tyler's] motion to appoint counsel is **DENIED**.

*Id*. Consequently, the Court will overrule this objection, too.

Tenth, Tyler takes issue with the following statement in the Report: "the court concludes . . . the right at issue was not clearly established at the time of the official's alleged misconduct." Objections at 11 (capitalizations standardized) (quoting Report at 63). But, here is the statement in context, where the Magistrate Judge lays out the qualified immunity standard: "Defendants are entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes . . . the right at issue was not clearly established at the time of the official's alleged misconduct." Report at 63.

Thus, Tyler is objecting to the portion of the Report where the Magistrate Judge lays out the qualified immunity standard, versus the Magistrate Judge's conclusion on this issue, which is: "because [Tyler] has not demonstrated . . . any Defendants violated his constitutional rights, Defendants likewise are entitled to a finding of qualified immunity as to [Tyler's] § 1983 claims." Report at 63.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Tyler's objections, adopts the Report, and incorporates it herein.

It is therefore the judgment of the Court Tyler's motion to add medical evidence is **GRANTED**, his motion for summary judgment is **DENIED**, and O'Neal's and SCDC Defendants' motions for summary judgment are **GRANTED**.

The Court declines to exercise supplemental jurisdiction over Tyler's state law claim against Boykin. Thus, that claim is **DISMISSED WITHOUT PREJUDICE** so he can pursue it in state court if he wishes to do so.

O'Neal's name is misspelled as O'Neil in the docket. The Clerk of Court is hereby directed to correct the spelling.

**IT IS SO ORDERED**.

Signed this 30th day of September, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

Before the Court begins its discussion in earnest, it thinks it necessary to comment on O'Neal's just over one-page reply to Tyler's objections. For comparison sake, the Magistrate Judge's Report is sixty-six pages, and Tyler's objections to the Report are twelve pages.

In it, O'Neal states Tyler's "Objections merely reassert the same arguments already extensively briefed by the parties . . . . As such, Nurse O'Neal relies on her prior summary judgment briefing[.]" Reply at 1.

This reply is unhelpful for at least two reasons. First, O'Neal appears to be unaware of Fourth Circuit law stating "[i]t is immaterial . . . [the plaintiff's] objections resembled arguments [s/he] had made previously; district courts must solely consider the specificity, not the novelty, of objections to magistrate recommendations." *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023). Thus, to aid the Court in its consideration of this matter, O'Neal should have specifically replied to Tyler's objections.

Second, the Court expects a reply to objections to be in the reply itself, as opposed to being in the motion for summary judgment. As such, the Court declines O'Neal's invitation to search through her motion for summary judgment in an attempt to find her reply to Tyler's objections.